**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBA ZUCELY AGUILAR GUZMAN, | No.   11-73819 |
| Petitioner, | Agency No. A088-720-384 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2017**
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Alba Zucely Aguilar Guzman petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of her application for asylum and related relief.

Guzman testified at the hearing before the IJ that she fears persecution and/or torture if she returns to her native Guatemala. Specifically, she claimed that her husband, formerly the mayor of Santa Ana Huista, Guatemala, had been murdered because he supported a particular political candidate, and that she fears that those who murdered him will kill her too. Nevertheless, when she first arrived in the United States, Guzman swore under oath that, even though her husband had been killed in Guatemala, she was not afraid to return there, and that she had come to the United States in order to work. Finding that Guzman had not given a reasonable explanation for the discrepancy between her initial sworn statement and her later testimony, the IJ decided to "give no credence to *any* of [her] testimony." Consequently, the IJ proceeded to deny her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

Although the record evidence demonstrates that at least some of Guzman's testimony before the IJ was true, under the Real ID Act, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005).

2

Indeed, reversing an IJ's credibility determination requires a finding "that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)). Such evidence is absent here.

Specifically, Guzman attempted to explain away her initial sworn statement by claiming that she was bullied by immigration officials into downplaying her fears. Nevertheless, after hearing testimony from both Guzman and the officials who interviewed her at the border, the IJ concluded that Guzman failed to provide a reasonable explanation for the discrepancy between her sworn statement and her later testimony. Nothing in the record compels the conclusion that this finding was incorrect. Guzman argues that the IJ and BIA ignored inconsistencies in the immigration officers' testimony, but she cannot identify a single point of contradiction in their respective accounts. Neither does the record support Guzman's claim that Officer Moreno exhibited "extraordinary bias." As we have stated, "[i]f the IJ reasonably rejects the alien's explanation, or if the alien fails to provide a plausible explanation, the IJ may properly rely on an inconsistency as support for an adverse credibility determination." *Id.* at 1088 (internal citations omitted).

PETITION DENIED.